## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>v.<br><br>IRVIN CEPI,<br><br>  Defendant - Appellant. | No. 04-10333<br>D.C. No. CR-03-00355-RCB<br><br>**JUDGMENT** |



Appeal from the United States District Court for the District of Arizona (Phoenix).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 06/02/05

FILED

JUN 02 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. IRVIN CEPI, Defendant - Appellant. | No. 04-10333  D.C. No. CR-03-00355-RCB  MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Argued and Submitted May 9, 2005
San Francisco, California

Before: REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

Irvin Cepi appeals his conviction of crimes committed on an Indian reservation: two species of felony murder, as well sexual abuse resulting in the death of Charlotte Brown. At trial he testified to his intoxication and asked that the jury be instructed that intoxication could have prevented him from having a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

specific intent to commit these crimes. We need not decide whether these offenses did require specific intent. In the same trial Cepi was convicted of four other related crimes including first degree murder and conspiracy to commit murder. The court instructed the jury that it must find Cepi had a specific intent to commit those crimes. There is no reason to believe that the jury would have done otherwise if told it must find that Cepi had specific intent as to the crimes he appeals.

    AFFIRMED.