1  WO

2

3

4

5

6

7                IN THE UNITED STATES DISTRICT COURT

8                   FOR THE DISTRICT OF ARIZONA

9

10

11

12  UNITED STATES OF AMERICA,      )
                                   )
13                Plaintiff,       )        CR-03-355-RCB-PCT
                                   )
14        vs.                      )         O R D E R
                                   )
15  IRWIN CEPI,                    )
                                   )
16                Defendant.       )
    _____)

17

18      Currently pending before the court is a motion by defendant

19  _pro se_ Irvin Cepi, which he filed on July 13, 2006, seeking an

20  extension of time in which to file a motion to vacate, set aside,

21  and/or correct his sentence and/or conviction pursuant to 28 U.S.C.

22  § 2255 (doc. 308).

23                        ***Background***

24      On May 24, 2004, this court entered judgment against Mr. Cepi

25  (doc. 114).  On June 9, 2004, defendant Cepi filed a Notice of

26  Appeal in the Ninth Circuit Court of Appeals.  On June 2, 2005, the

27  Ninth Circuit filed a memorandum disposition affirming Cepi's

28  judgment of conviction, and on June 24, 2005, the Circuit Court

1   issued its mandate.  Doc. 169  Defendant Cepi did not file a

2   petition for *certiorari* in the Supreme Court, however.

3          Because he has been in the Special Housing Unit ("SHU") on

4   "administrative detention" since March 25, 2006,[1] Cepi is claiming

5   that he needs an extension of time until March 24, 2007, in which

6   to file his section 2255 motion.  According to Cepi, he needs this

7   extension of time because "even though there is a law library in

8   the SHU, it is literally in shambles[,]" with "[a] lot of the law

9   material . . . missing."  Doc. 305 (Cepi Aff.) at 2, ¶ 5.

10  Curiously, Cepi makes these averments as to the poor quality of the

11  SHU law library while at the same time averring that he has "never

12  had a chance to . . . use" it because inmates are housed there.

13  Id. at 3, ¶ 6.  In any event, Cepi goes on to aver that as of July

14  13, 2006 (the filing date of this motion), he had not been able to

15  file a section 2255 motion because "the Warden . . . has not

16  indicated that she plans on correcting and fixing the SHU Law

17  Library," and thus he did "not foresee that [he] w[ould] be able to

18  make the September 24, 2006 deadline."  Id. at 3, ¶ 6.

19         Furthermore, because it is a "prison administration[]"

20  decision, Cepi claims that he "does not know when he is returning

21  to the general [prison] population[.]"  Doc. 308 at 3, ¶ 2(d).

22  Cepi also notes that he "possess[es] only a 9th grade education and

23  [is] a total layman to the law[.]" Doc. 305 at 3, ¶ 7.  Based upon

---

[1]
        "[A]dministrative detention is a housing status that
simply removes an individual from the general population."
Allen v. Schultz, No. CV F 05-005 AWI SMS HC, 2006 WL 2038036,
at *4 (E.D. Cal. July 18, 2006) (citing 28 C.F.R. § 541.22)).
It "is a non-punitive status[.]" BOP Program Statement 5270.07,
Ch. 9, at p. 1.

the foregoing, Cepi asserts that he needs "an additional . . . six months [until March 24, 2007] to adequately prepare" his section 2255 motion.  See id. at 3, ¶ 8.

According to defendant Cepi, the government  "has not objected to the requested extension."  Id. at 3, ¶ 10; see also doc. 308 at 4, ¶5 (same).  The government denies this.  In fact, the government opposes this motion on the basis that Cepi's "placement in the [SHU] has not been explained[.]" Doc. 318 at 1. The government further opposes this motion because defendant has not "provided with any certainty when he may be removed from the [SHU]."  Id.

The court agrees that defendant is not entitled to an extension of time in which to file a section 2255 motion, but for different reasons than those which the government proffers.

### ***Discussion***

After the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner seeking post-conviction relief pursuant to 28 U.S.C. § 2255 must file a motion thereunder within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.  A judgment of conviction becomes final for section 2255 purposes, among other ways, when the time for filing a petition for writ of certiorari expires, i.e. 90 days after the Court of Appeals enters its judgment.  See U.S. v. Garcia-Rebollar, No CR 01-017PHX-JAT, CVO-842PHX-JAT (LOA), 2005 WL 2980593, at *3 (D.Az. Aug. 29, 2005) (citing, inter alia, United States v. Garcia, 201 F.3d 1058, 1059 (9th Cir. 2000)).  In the present case, the judgment of conviction became final on September 1, 2005 – 90 days after the Ninth Circuit affirmed defendant Cepi's judgment of conviction.  The one year AEDPA limitations period

1  would have commenced the following day, September 2, 2005.  <u>See</u>

2  <u>Amesquita v. Hickman</u>, No. 1:05-cv-00055-OWW-TAG HC, 2006 WL

3  2849821, at *5 (E.D.Cal. Oct. 4, 2006).  Therefore, absent

4  equitable tolling, under the AEDPA defendant Cepi had until

5  September 2, 2006, by which to file his section 2255 motion.[2]  <u>See</u>

6  <u>id.</u>

7  ***I.  Equitable Tolling***

8      Although defendant Cepi did not expressly invoke the doctrine

9  of equitable tolling, clearly that is the result he desires.

10 Essentially because he has been in SHU and is a layperson with no

11 formal education beyond ninth grade, Cepi is requesting the court

12 to toll the AEDPA's limitations period, and thus extend the time in

13 which he has to file his section 2255 motion until March 24, 2007.

14     "Before a request for an extension of time to file a § 2255

15 motion is granted, the district court must first be satisfied that

16 extraordinary circumstances beyond a prisoner's control justify the

17 equitable tolling of the AEDPA's clearly established period of

18 limitation."  <u>United States v. Van Poyck</u>, 980 F.Supp. 1108, 1110

19 (C.D. Cal. 1997) (internal quotation marks and citation omitted).

20 In addition to showing that "some extraordinary circumstance stood

21 in his way[,]" a prisoner seeking to rely upon equitable tolling

22 must also "establish . . . that he has been pursuing his rights

23

24      [2]

25      September 24, 2006, the filing deadline which defendant Cepi
   suggests, is based upon his erroneous assumption that the time for
26 filing a petition for writ of *certiorari* runs from the date of
   issuance of the mandate, rather than from the date of entry of the
   judgment of conviction.  <u>See</u> Sup. Ct. R. 13.3  (time to file a
27 petition for a writ of *certiorari* runs from the date of entry of the
   judgment or order sought to be reviewed, *not* from the issuance of date
28 of the mandate).

diligently[.]" <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006)(quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S.Ct. 1807, 1814 (2005)). "[D]istrict judges should only authorize extensions when this high hurdle is surmounted." <u>Van Poyck</u>, 980 F.Supp. at 1110 (internal quotation marks and citation omitted).

"[T]he determination vis-a-vis equitable tolling is highly fact-dependent[,]'" <u>Amesquita</u>, 2006 WL 2949821, at *7 (quoting <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005)); and it is the prisoner's "burden . . . [to] show[] that equitable tolling is appropriate." <u>Raspberry</u>, 448 F.3d at 1153(citation omitted). This burden includes a showing that "extraordinary circumstances [are] the cause of [the] untimeliness." <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation marks and citation omitted). Insofar as causation is concerned, the Ninth Circuit has further held that "[t]o be entitled to equitable tolling, a habeas petitioner 'must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness.'" <u>Guerra v. Schriro</u>, No. CV-05-1927-PHX-SMM (MEA), 2006 WL 1735330, at *3 (D. Az. June 20, 2006) (quoting <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003))(footnote omitted).

Given that "the clearly established purpose of the AEDPA's one year period of limitation is to 'accelerate the federal habeas process,' the Ninth Circuit has concluded that '[e]quitable tolling will *not be available* in *most cases*.'" <u>Van Poyck</u>, 980 F.Supp. at 1110 (quoting <u>Calderon</u>, 112 F.3d at 391) (emphasis added). However, "when external forces, rather than plaintiff's lack of diligence, account for the failure of a complainant or movant to

file a timely claim, equitable tolling of the statute of limitations is proper." Id. (citations omitted).  By the same token though,"'the threshold necessary to trigger equitable tolling [under [the] AEDPA] is very high, lest the exceptions swallow the rule.'" Guerra v. Schriro, No. CV-05-1927-PHX-SMM (MEA), 2006 WL 1735330, at *3 (D. Az. June 20, 2006) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)) (other citation omitted).

### A. Extraordinary Circumstance

"'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Hidalgo v. U.S., No. Cr 02 43 E BLW, CV 04 599 E BLW, 2005 WL 1785297, at *4 (D. Idaho July 27, 2005)(quoting United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000)) (other citation omitted) (emphasis added);  see also Garcia-Rebollar, 2005 WL 2980593, at *3 (citation omitted)("To qualify for equitable tolling, movant must establish that circumstances beyond his control or government misconduct made it impossible for him to file a timely § 2255 motion.")  Defendant Cepi has shown neither.  Thus, even assuming that he had diligently pursued his rights, nonetheless, defendant Cepi is not entitled to rely upon the doctrine of equitable tolling as a means of extending the time under the AEDPA in which he has to file a habeas claim.

There is nothing in the record as presently constituted even hinting that defendant Cepi was misled by the government. Likewise none of the factors which defendant Cepi urges, whether viewed in isolation or together, rise to the level of extraordinary circumstances.  In essence, defendant Cepi is arguing that his

"lack of legal training and the hardships of prison life justify

equitable tolling."  See Garcia-Rebollar, 2005 WL 2980593, at *4.

Courts have routinely rejected such arguments, however.  See id.

(and cases cited therein).

   Hidalgo, 2005 WL 1785297, a case which is similar to the

present one, is representative.  There, petitioner based his

extraordinary circumstance argument upon the fact that he was in

administrative detention in the SHU when the time for filing his

2255 motion expired.  Id. at *2.  Petitioner Hidalgo further

claimed that he was "ignorant . . . of the law and ha[d] no formal

education."  Id.  The court rejected out of hand petitioner's

argument that ignorance of the law rose to the level of

extraordinary circumstances.  See id.  On this point the Hidalgo

court was prescient because earlier this year the Ninth Circuit

"join[ed] [its] sister circuits and h[e]ld that a pro se

petitioner's lack of legal sophistication is not, by itself, an

extraordinary circumstance warranting equitable tolling."

Raspberry, 448 F.3d at 1154.   The court in Hidalgo also rejected

petitioner's argument that he had shown extraordinary circumstances

due to his detention in SHU, reasoning that while there he had

"access to a prison library, as well as mail and telephone

privileges[.]" Hidalgo, 2005 WL 1785297 at *2.

   Like petitioner Hidalgo, defendant Cepi relies upon the fact

that he is currently in administrative  detention in SHU and that,

in his words, he is "a total layman to the law[]" as bases for

invoking equitable tolling   See Doc. 305 at 3, ¶7.  Clearly after

Raspberry, there is no doubt that defendant Cepi's lack of a formal

education and legal training, at least standing alone, are not

1  enough to justify equitable tolling.

2      Even when coupled with his SHU status, this court is still

3  unable to find that defendant Cepi has shown the requisite

4  extraordinary circumstances so as to avoid the AEDPA's one year

5  statute of limitations.  Admittedly, given the government's cursory

6  response to this motion, the record here is not as developed as in

7  Hidalgo in terms of the scope of defendant Cepi's mail and

8  telephone privileges.  The lack of such proof is inconsequential

9  though because defendant Cepi is not claiming that he was unable to

10  timely file his habeas petition due to a loss of mail and/or

11  telephone privileges.  Indeed, defendant Cepi would have been hard

12  pressed to make such an argument because while in administrative

13  detention he "receive[s] the same general privileges as inmates

14  housed in the general population."  See Allen, 2006 WL 2038036, at

15  *4 (citing BOP Program Statement 5270.07, Inmate Discipline and

16  Special Housing Units, Chapter 9) (footnote omitted).

17      Shifting gears to defendant Cepi's claims as to lack of access

18  to the SHU law library and the poor quality of that library, the

19  court is fully aware "that the Ninth Circuit has concluded, . . . ,

20  that certain deficiencies in a prison's legal resources can amount

21  to an extraordinary circumstance[.]" Schmitz v. Jones, No. CV 05-

22  0495-C-MHW, 2006 WL 3386725, at *2 (D. Idaho Nov. 21, 2006) (and

23  cases cited therein).  The deficiencies alleged by defendant Cepi

24  are not tantamount to extraordinary circumstances though.  Rather,

25  limited access to the law library and general allegations as to the

26  poor state of that library, "are conditions of prison life that are

27  no different than those experienced by the vast majority of

28  incarcerated prisoners attempting to file petitions for writ[s] of

habeas corpus." Murphy v. Runnel, No. 1:05-cv-00186-AWI-TAG HC, 2006 WL 2785522, at *7 (E.D.Cal. Sept. 26, 2006); cf. Jihad v. Hvass, 267 F.3d 803, 807 (9th Cir. 2001) (reasoning that an "extraordinary" circumstance could not be one that is "the kind[] of obstacle[] faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such inequities in enacting a one-year limitations period[]"). "By definition, therefore, such circumstances, in themselves, are not 'extraordinary' and do not justify equitable tolling." Murphy, 2006 WL 2785522, at *7 (citation omitted).

Furthermore, like the petitioner in Murphy, defendant Cepi does not "articulate[] [any] specific prejudice that inured to him uniquely as a result of" his detention in SHU[.]" Id. (emphasis added). Likewise, he has also failed to "allege[] specific facts that, if true, would show that deficiencies in the prison's legal resources actually prevented him from filing on time." Schmitz, 2006 WL 3386725, at *3. Rather, he makes broad allegations that the SHU law library is "in shambles[,]" and that "[a] lot of the law material . . . is missing." Doc. 305 at 2, ¶ 5. Such general allegations do not constitute an extraordinary circumstance justifying equitable tolling, especially given that "a prisoner does not have a freestanding right to . . . a complete law library[.]" Schmitz, 2006 WL 33867255, at *3 (citing Lewis v. Casey, 518 U.S. 343, 354 (1996)).

Moreover, Cepi avers that because other inmates are "living in the law library[,]" he has "never had a chance to . . . use" it. Doc. 305 at 3, ¶ 6. In a similar vein, Cepi avers that he has "not been able to do any research of [his] issues, or file a motion

- 9 -

pursuant to 28 U.S.C. § 2255 up until this point." <u>Id.</u> at 2-3, ¶
5.  These allegations are troubling for several reasons.  First of
all, crediting Cepi's averment that he has "never had a chance to
. . . use" the SHU law library, leaves the court wondering how he
could accurately report on the quality of the library's contents.
<u>See</u> <u>id.</u> at 3, ¶ 6.  The defendant cannot have it both ways.  He
cannot claim that he has been completely denied access to the
library due to the presence of other inmates, while at the same
time complain that the library's contents are inadequate.  The
court cannot ignore these internal inconsistencies in Cepi's
supporting affidavit.

     "[N]or does [Cepi] establish a 'but-for' causative
relationship between" his detention in SHU and his failure to
timely file a petition.  <u>See</u> <u>id.</u>  Indeed, because defendant Cepi
has not been housed in the SHU for the entire length of his
incarceration, he had slightly more than five months in which he
could have at least started to prepare his section 2255 motion.
Instead, evidently he did nothing during that time.  What is more,
the fact that defendant Cepi was able to file the present motion
undermines his need for an extension.  Supposedly Cepi did not have
access to the SHU law library, and he is relatively unsophisticated
in terms of the law.  Those shortcomings did not prevent him from
filing the present motion, however, which includes accurate cites
to relevant statutes.

     Not only that, purportedly without having the benefit of any
legal materials, in this motion defendant Cepi calculated the AEDPA
filing date.  As noted at the outset, Cepi  did miscalculate the
time in which he had to file a section 2255 motion, but he did so

by only a few days.  His understanding of this fairly nuanced aspect of the AEDPA undermines his argument that equitable tolling is proper here because he has been in the SHU and he is a "total layman to the law - federal or otherwise."[3]  See Ortega-Espinoza v. Blacketter, No. 04-526-E, 2006 WL 1277564, at *2 (D.Or. Mary 4, 2006) (even if "literacy and language barriers could justify equitable tolling," the court declined to so find where the "[p]etitioner's difficulties did not prevent him from timely filing a petition for post-conviction relief in Oregon's state court approximately six months after his conviction became final[]").

Additionally, this is not a situation such as that presented in Roy where the Ninth Circuit found that the inmates had "demonstrate[d] extraordinary circumstances beyond [their] control" based upon allegations that the prison library "did not have the requisite AEDPA materials[;]" and that they had no notice of the AEDPA.  Roy, 465 F.3d at 973-74 (internal quotation marks omitted).  As just explained, obviously somehow defendant Cepi is aware of the AEDPA and its one year statute of limitations.  Further, in contrast to Roy, defendant Cepi has not specifically alleged any deficiencies in the SHU law library in terms of access to AEDPA materials "that, if true, would show that [such] deficiencies . . . actually prevented him from filing on time."  See Schmitz, 2006 WL 3386725, at *3.

For all of these reasons, the court finds that defendant Cepi has not shown that "extraordinary circumstance[s] stood in [his] way[,]" so as to justify equitable tolling.  See Raspberry, 448

_____

[3]    Doc. 305 at 3, ¶ 7.

1 | F.3d at 1153.

2 | **B. *Diligence***

3 | Having found that defendant Cepi has not met his burden of

4 | showing extraordinary circumstances, there is no need to address

5 | the diligence element of equitable tolling.  See id.

6 | ### *Conclusion*

7 | Because defendant Cepi is unable to show the existence of

8 | extraordinary circumstances, a critical element of equitable

9 | tolling, he is unable to rely upon that doctrine as a basis for

10 | extending the time in which he has to file a motion pursuant to 28

11 | U.S.C. § 2255.

12 | IT IS ORDERED that defendant's motion for an extension of time

13 | in which to file a motion pursuant to 28 U.S.C. § 2255 is DENIED

14 | (doc. 308).

15 | DATED this 5th day of December, 2006.

17 | Robert C. Broomfield

18 | Senior United States District Judge

21 | Copies to counsel of record

- 12 -